UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LINDSEY JEFFERSON,

        Plaintiff,                    Case No. 2:14-cv-150

v.                                        Honorable Gordon J. Quist

C. KNIPE,

        Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Lindsey Jefferson is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF). Defendant C. Knipe is a corrections officer at URF.

- 2 -

Plaintiff alleges that on May 22, 2014, he went to Officer Knipe in Marquette Unit and requested protection due to a threat from another inmate. Officer Knipe called the control center and Plaintiff was taken to Quarry Unit for protection. The next morning, Defendant issued Plaintiff a Class I misconduct ticket for disobeying a direct order. According to the misconduct report, which is attached to the complaint, Defendant claimed that when Plaintiff was in the lobby of Marquette Unit, Defendant ordered him to move to a new cell, but Plaintiff refused, stating, "No, I refuse to move up there, I can't defend myself." (MDOC Misconduct Rep., docket #1-1, Page ID#6.) After Plaintiff received notice of the ticket he was taken to segregation pending a misconduct hearing. At a misconduct hearing held on June 2, 2014, a hearing officer found Plaintiff not guilty, noting that a prison video confirmed Plaintiff's assertion that he was threatened by another inmate. (Class I Misconduct Hr'g Rep., docket #1-1, Page ID#8.) In the instant action, Plaintiff claims that Defendant's actions were cruel and malicious, and that Defendant was "intentionally untruthful" when he issued the misconduct ticket. (Compl., docket #1, Page ID##3-4.) As relief, Plaintiff seeks damages for the fact that he was confined in segregation while awaiting the misconduct hearing.

## Discussion

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant issued a false misconduct ticket. A false misconduct charge is not itself a constitutional violation. *See Jackson v. Hamlin,* 61 F. App'x 131, 132 (6th Cir. 2003) ("[A] prisoner has no constitutional right to be free from false accusations of misconduct.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). Plaintiff also contends that, as a result of the charges, he was placed in segregation for 11 days until the misconduct hearing. To the extent Plaintiff asserts that Defendant improperly deprived him of liberty, he does not state a claim.

The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law[.]"  U.S. Const. amend XIV, § 1.  However, the Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner.  *See Meachum v. Fano,* 427 U.S. 215, 225 (1976).  In *Sandin v. Conner,* 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause.  According to the Court, a prisoner is entitled to the protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin,* 515 U.S. at 486-87; *see also Jones v. Baker,* 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995).

Plaintiff does not allege that the misconduct charge affected the duration of his sentence, and his confinement in segregation was not an atypical and significant deprivation.  Segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration."  *Hewitt v. Helms*, 459 U.S. 460, 467-73 (1983).  It is considered atypical and significant only in "extreme circumstances."  *Joseph v. Curtin,* 410 F. App'x 865, 868 (6th Cir. 2010).  In *Sandin*, the Supreme Court concluded that disciplinary segregation for 30 days did not impose an atypical and significant hardship.  *Sandin,* 515 U.S. at 484.  Similarly, temporary segregation for 11 days while awaiting the outcome of disciplinary proceedings does not impose an atypical and significant hardship.  Because he was not deprived of a protected liberty interest, Plaintiff does not state a due process claim.

Moreover, even if the charges resulted in the deprivation of a protected liberty interest, it appears that Plaintiff received all the process to which he was entitled.  *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990) ("[T]he deprivation by state action of a constitutionally protected

interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*."). As the Sixth Circuit has held, "[f]alse accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing." *Jackson v. Madery,* 158 F. App'x 656, 662 (6th Cir. 2005); *Cromer v. Dominguez,* 103 F. App'x 570, 573 (6th Cir. 2004). Plaintiff does not challenge any aspect of the misconduct proceedings, nor does he claim that he was not given a fair hearing. Indeed, according to the misconduct report, he was given an opportunity to present his version of events, and he was found not guilty of the misconduct. For the foregoing reasons, therefore, he cannot establish a constitutional violation.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: August 4, 2014                                           /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                                UNITED STATES DISTRICT JUDGE